UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: National Hockey League            MDL No. 14-2551 (SRN)
Players' Concussion Injury
Litigation

This Document Relates to All Actions      PRETRIAL ORDER NO. 5

---

Charles S. Zimmerman and Brian Gudmundson, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Stephen G. Grygiel and William Sinclair, Silverman, Thompson, Slutkin & White, LLC, 201 North Charles Street, Suite 2600, Baltimore, Maryland 21201, for Plaintiffs

Jeffrey D. Bores and Bryan L. Bleichner, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Plaintiffs

Stuart Davidson and Mark J. Dearman, Robbins, Geller, Rudman & Dowd, LLP, 120 East Palmetto Park Road, Boca Raton, Florida 33432, for Plaintiffs

Lewis A. Remele and Jeffrey D. Klobucar, Bassford Remele, 33 South Sixth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas Demetrio, William T. Gibbs, Corboy & Demetrio, 33 North Dearborn Street, Chicago, Illinois 60602, for Plaintiffs

Brian D. Penny and Mark S. Goldman, Goldman, Scarlato & Penny PC, 101 East Lancaster Avenue, Suite 204, Wayne, Pennsylvania 19087, for Plaintiffs

Vincent J. Esades and James W. Anderson, Heins Mills & Olson, PLC, 310 Clifton Avenue, Minneapolis, Minnesota 55403, for Plaintiffs

David I. Levine, The Levine Law Firm P.C., 1804 Intracoastal Drive, Fort Lauderdale, Florida 33305, for Plaintiffs

Daniel E. Gustafson, Gustafson Gluek, PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas J. Byrne and Mel Owens, Namanny, Byrne, & Owens, APC, 2 South Pointe Drive, Lake Forest, California 92630, for Plaintiffs

Michael R. Cashman and Richard M. Hagstrom, Zelle Hofmann Voelbel & Mason LLP, 500 South Washington Avenue, Suite 4000, Minneapolis, Minnesota 55415, for Plaintiffs

Daniel J. Connolly, Joseph M. Price, Linda S. Svitak, and Aaron D. Van Oort, Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; John H. Beisner and Jessica D. Miller, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, Northwest, Washington, D.C. 20005-2111; Shepard Goldfein, James A. Keyte, Matthew M. Martino, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; James Baumgarten and Adam M. Lupion, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, for Defendant

_____

SUSAN RICHARD NELSON, United States District Court Judge

The Judicial Panel on Multidistrict Litigation has transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of nationwide concussion injury litigation involving the National Hockey League. (Transfer Order [Doc. No. 1].) On December 18, 2014, the parties appeared before this Court for a status conference. This Order memorializes the parties' agreements and the Court's rulings at the December status conference.

**I.     Proposed Deposition Protocol**

While the parties generally agree to much of the protocol concerning depositions, they disagree about Defendant's proposal for the pre-designation of deposition exhibits. Defendant argues that this procedure, similar to that adopted by this Court in Dryer v. National Football League, 09-CV-2182 (PAM/SRN), will facilitate efficient and orderly depositions in this litigation. Plaintiffs oppose it, arguing that pre-designation unfairly

2

provides opposing counsel with an overview of the deposing attorney's deposition strategy and may impact the deposing attorney's ability to elicit useful testimony.

As to the areas of agreement between the parties, the proposed protocol is acceptable and will be reflected in a separate order issued by the Court. However, the Court takes under advisement the area of disagreement concerning pre-designation of deposition exhibits, and will issue a ruling at a later date.

## II. Proposed Protocol for the Production of Hard Copy Documents and Electronically Stored Information ("ESI")

The parties are in agreement concerning the protocol for the production of hard-copy discovery and the production of ESI. The Court will issue a separate order, reflecting the parties' agreement, concerning this production protocol.

## III. Medical Records Disclosure

The parties disagree about the proposed scope of Defendant's inquiry concerning Plaintiffs' medical records. Defendant will promulgate an interrogatory and request for production prior to December 25, 2014, Plaintiffs will file objections, and the parties will then brief the issue. The parties shall meet and confer in order to agree upon the dates on which Plaintiffs' objections will be due, as well as the briefing schedule, with the understanding that any motion with respect to this matter will be heard at the February 5, 2015 status conference. The parties shall relay the agreed-upon deadline dates to the Court.

**IV.      Proposed Class Certification Schedule**

The parties' proposed class certification schedule is acceptable to the Court, with the understanding that class certification fact discovery and merits discovery will not be bifurcated.  The Court will issue a separate order related to the scheduling of issues concerning class certification.

**V.       Proposed Protective Order**

The parties' proposed Protective Order is acceptable and will be separately issued by the Court.

**VI.      Proposed Privilege Protocol**

The parties' proposed privilege protocol is acceptable to the Court.  The Court will issue a separate order concerning privilege protocol.

**VII.     Defendant's Motion to Dismiss**

The hearing on Defendant's Motion to Dismiss will be held in conjunction with the next status conference on January 8, 2015, at 9:30 a.m.

**VIII.    Class Member Administrative Participation in Litigation**

Plaintiffs will submit their proposal to the Court concerning a "Notice of Interest" administrative filing.  The parties will address this at the February 5, 2015 status conference.

**IX.      Attorney Time Reporting**

The Court finds that Plaintiffs' attorney time reporting is acceptable to date.

**X.** **Next Status Conference**

The next status conference will be held on **January 8, 2015** at **9:30 a.m.**

Dated:   December 19, 2014

                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge