UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE: NATIONAL HOCKEY LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) ) | MDL No. 14-2551 (SRN/JSM) |
| This Document Relates to: ALL ACTIONS | ) ) ) | PROTECTIVE ORDER |
| _____ | ) | |

   1. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, produced by any party to this proceeding, or any third party, (the "Supplying Party") to any other party in this proceeding (the "Receiving Party"). This Protective Order is binding upon the parties and their counsel in the MDL, and any third party who supplies or receives discovery or information of any kind related to the MDL, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order.

   2. This Protective Order does not confer blanket protection on all discovery. The protection it affords shall extend only to the limited information or items entitled to confidential treatment under applicable legal principles. The parties shall not redact any document based upon any objection related to the relevance or non-responsiveness of a document without seeking further relief from the Court pursuant to Rule 26(c).

3. The term "PROTECTED DOCUMENT" refers to information that qualifies for protection under the standards developed under Rule 26 of the Federal Rules of Civil Procedure, or other applicable laws or rules related to trade secret, confidential, proprietary, commercially, or competitively sensitive information, or information protected under privacy laws, including personal or medical information.

4. The term "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" refers to a "PROTECTED DOCUMENT" that the Supplying Party believes in good faith contains such highly confidential information that its disclosure would cause serious competitive harm.

5. A Supplying Party may designate all or any part of any document or information produced by it in the course of this litigation, or other discovery responses or deposition transcripts, or portions thereof, that contain or constitute confidential information as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY."

6. The designation of confidential information shall be made by placing or affixing on the material in a manner that will not interfere with its legibility the words "PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY. DOCUMENT SUBJECT TO PROTECTIVE ORDER," as long as the designation is conspicuously placed on produced documents in a uniform manner.  The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as

"copies") of each document designated as a "PROTECTED DOCUMENT" or a "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" under this Order, or any portion of such a document, shall be immediately affixed with the designation "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

7. Any document or information designated as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" under this Protective Order shall not be construed as an admission or an agreement by any party that any document, material or information, or any portion thereof, is relevant or admissible at trial.

8. Deposition testimony or any portion thereof may be made subject to this Protective Order by so stating on the record at the time of the deposition or within 14 days of receiving the transcript.

9. Material or information designated as a "PROTECTED DOCUMENT" under this Protective Order shall not be disclosed to any other person or entity, except as set forth below. Before being given access to any PROTECTED DOCUMENT, each person described in paragraphs 9(a), (b), (g) and (h), below, shall be advised of the terms of this Agreement, shall be given a copy of this Agreement, and shall agree in writing to be bound by its terms by executing Exhibit A to this agreement:

    (a) Disclosure may be made to any plaintiff or defendant to the extent required for assisting in the preparation and trial of this matter or any appeal herein.

(b)     Disclosure may be made to employees of counsel for plaintiffs or defendant who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein.

(c)     Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal).

(d)     Disclosure may be made to Court reporters used in connection with the litigation.

(e)     Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

(f)     Disclosure may be made to employees of outside copying, document imaging and facsimile services.

(g)     Disclosure may be made to witnesses or deponents in the course of this litigation, but only as necessary for the litigation.

(h)     Disclosure may be made to consultants or experts (including consulting experts) (collectively, "experts") retained by plaintiffs or defendant, or their counsel to assist in the preparation and trial of this litigation.

The executed Exhibit A shall be retained by counsel for the Receiving Party, with a copy provided to counsel for the Supplying Party on a showing of good cause where providing a copy does not violate the attorney-client privilege, the work-product privilege or any other privilege.  At the conclusion of the litigation, counsel for the Receiving Party shall

confirm in writing with counsel for the Supplying Party that it will seek to have any designated documents that were provided to experts under subsection (h) of this paragraph returned to counsel for the Receiving Party or destroyed.

10. Material or information designated as a "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" under this Protective Order shall not be disclosed to any other person or entity, except in the following circumstances:

 (a) Disclosure may be made consistent with subsections (a), (b), (c), (d), (e), (f) and (g), of paragraph 9 above, except as inconsistent with paragraph 10(b), below.

 (b) Disclosure may be made to consultants or experts retained by plaintiffs or defendant, or their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert (including disclosure to undisclosed consulting experts permitted by this paragraph), the expert must agree to be bound by the terms of this Protective Order by executing the acknowledgement annexed hereto as Exhibit "A."  A copy of each executed acknowledgement shall be maintained by counsel for plaintiffs, and for defendant by Counsel for defendant, during the course of the litigation.  At the conclusion of the litigation, counsel for each Receiving Party shall confirm in writing with counsel for each Supplying Party that it will seek to have any designated documents that were provided to experts under this paragraph returned to counsel for the Receiving Party or destroyed.

11. Material or information designated as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" shall not be used or disclosed by any party or counsel, or any person acting on his/her behalf to any other person except as provided for in this Order, and shall not be used for any business or competitive purpose, or for any other purposes whatsoever, other than the preparation and trial of an action in this MDL proceeding and any appeal therein. No person who examines any item that is protected by this Protective Order shall disseminate orally, or by any other means, any protected information other than as permitted by this Order.

12. Any plaintiff or defendant desiring to contest the designation of specific documents, information, or testimony may do so at any time and shall give the Supplying Party notice in writing (a letter to lead counsel for plaintiffs and defendant and counsel for any third party whose designation is disputed delivered by email shall be sufficient) including the listing of any such document(s) or the bates ranges for the document(s), or the specific testimony with line and page numbers of the transcripts, and shall provide a brief explanation of the basis for contesting the designation of each document or testimony contested (the "Notice"). If the same document in the Notice appears in the production at other bates numbers, the Notice shall be deemed to be sufficient for all such documents. The Notice shall be sufficient if it identifies each document or testimony being challenged and states the basis for each challenge. If the parties cannot stipulate to the designation of a document or testimony within thirty (30) days of the Supplying Party's receipt of the Notice, any party to this agreement may challenge the propriety of the designation of any document or testimony as a "PROTECTED DOCUMENT" or

"PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" by motion to the Court, with written notice to all parties. Pending a Court determination, no document designated as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" under this Protective Order shall be disseminated other than as provided by this Order unless otherwise ordered by the Court or as stipulated by defendant and plaintiffs. The burden of justifying the designation of any challenged document or testimony shall nonetheless remain on the Supplying Party.

13. All counsel shall keep all material or information subject to this Protective Order within its exclusive possession and control, except as provided in paragraphs 8 and 9, and shall take reasonable steps to maintain such material in a secure manner. Except as provided in paragraphs 9 and 10 above, no person shall have access to the foregoing material and information.

14. Any persons having access to material or information subject to this Protective Order, including consultants and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of any case in this MDL proceeding.

15. If, in connection with any motion or other proceeding in this MDL proceeding, except trial, any party intends to present or offer into evidence any document or information designated as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY," such evidence shall be filed under seal to the extent permitted by applicable Court rules and procedure. Nothing herein shall govern the use of Protected Documents at any trial in this MDL proceeding. The parties

will meet and confer to determine appropriate procedures in advance of trial and present any issues to the Court, as appropriate.

16. A party may not file or use any "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" in any action not included in this MDL proceeding.

17. If another court or an administrative agency subpoenas or otherwise orders production of a document designated as "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" that a person or entity has obtained under the terms of this Order, the person or entity to whom the subpoena or other process is directed shall notify counsel for the Supplying Party in writing via email and overnight delivery (sent within 48 hours of receipt of the subpoena or other process) of all of the following: (1) any document(s) or information designated as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" that is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall a designated document be produced prior to the expiration of fifteen (15) days following transmission of written notice to counsel for the Supplying Party unless required to do so by the order seeking the documents.

18. If any plaintiff, defendant or counsel in this MDL proceeding learns of any unauthorized disclosure of documents or information subject to this Protective Order, it shall immediately inform the Court in writing of all pertinent facts relating to such disclosure, and shall take such steps and cooperate as necessary to remediate the unauthorized disclosure.

19. Inadvertent production of any PROTECTED DOCUMENT or information without a designation of "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" pursuant to this Order at a later date. Any party may designate as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY" or withdraw such designation from any material that it has produced; provided, however, that such re-designation shall be effective only as of the date of such re-designation. A party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description. Upon receipt of any re-designation and replacement image that designates material as a "PROTECTED DOCUMENT" or "PROTECTED DOCUMENT – ATTORNEYS' EYES ONLY," all plaintiffs and defendant shall: (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such

material of such re-designation under this Protective Order; and (3) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order.

20. Upon final termination of this MDL proceeding, whether by judgment, settlement or otherwise, upon written request from counsel for the Supplying Party, counsel for all plaintiffs and defendant shall return to counsel for the Supplying Party all materials and all copies thereof in his/her possession that were subject to this Protective Order and/or, in the alternative, provide a written statement to counsel for the Supplying Party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed.

21. Any plaintiff or defendant, for good cause shown, may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of plaintiffs and defendant in writing.  This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this MDL proceeding, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

**IT IS SO ORDERED.**

ST. PAUL, MINNESOTA, this 19th day of December, 2014.

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              UNITED STATES DISTRICT JUDGE

# EXHIBIT A TO
# PROTECTIVE ORDER
# CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order entered by the court in the action presently pending in United States District Court for the District of Minnesota entitled *In Re National Hockey League Players' Concussion Injury Litigation*, Case No. 14-2551, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.  The undersigned agrees to submit to the jurisdiction of the court in this MDL proceeding for purposes of any disputes concerning compliance with the terms of the Protective Order.

Date:_____

Signature:

Printed Name: