UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: NATIONAL HOCKEY LEAGUE ) <br> PLAYERS' CONCUSSION INJURY ) <br> LITIGATION ) <br> ) <br> This Document Relates to: ALL ACTIONS ) <br> _____ ) | MDL No. 14-2551 (SRN/JSM) <br><br> Pretrial Order No. 9 <br> Privilege Protocol |

This Order is entered to provide guidelines regarding the preparation of privilege logs and the method of determining privilege disputes.

**A.     Privilege Log Protocols**

1. Privilege logs provided in lieu of producing requested documents shall be produced no more than 60 days after the date upon which the documents were required to be produced or were, by agreement of counsel, partially produced.

2. Privilege logs shall comply with Rule 26(b)(5), which requires a party to:

    a. Expressly identify the privilege asserted; and

    b. Describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

3. Any party asserting privilege shall provide a separate entry for each document as to which the party asserts a privilege. The entry should list:

   a. the Bates number of the document;

   b. the nature of the privilege asserted (e.g., "attorney-client privilege" or "attorney work product");

   c. the name(s) of the author(s) of the document (if known) (to the extent a document is comprised of an email chain, the name of the author on the most recent email in the chain will be identified);

   d. the name(s) of the recipient(s) of the document (if known) (to the extent a document is comprised of an email chain, the name(s) of the recipient(s) on the most recent email in the chain will be identified);

   e. the date the document was created (if known); and

   f. the general nature of the legal advice requested or provided therein (e.g., "request for legal advice regarding draft contract"; "legal advice regarding draft public statement") or explanation of work-product claim (e.g., "attorney memo regarding potential employment contract litigation").

    4.    The privilege log shall indicate which individuals listed on the log are attorneys.

**B.**     **Privilege Log – Exempt Documents.** The parties do not need to log any withheld documents created for purposes of prosecuting or defending the above-captioned litigation or communications that occur solely among counsel.

**C.**     **Redaction of Confidential and Privileged Information**

    1.    To protect against inappropriate disclosure of information subject to the attorney-client or other privilege and confidential information as defined in the Court's Protective Order [Doc. No. 70], and to comply with all applicable state and federal laws and regulations, the NHL and plaintiffs shall redact from produced documents, materials or other things, or portions thereof, the following items, or any other item(s) agreed upon by the parties or ordered by the Court:

        a.    The Social Security numbers and tax identification numbers of NHL players (including plaintiffs) and other individuals affiliated with or employed by the NHL.

        b.    Materials that contain information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other recognized privilege; and

        c.    The street addresses, Social Security numbers, and tax

        identification numbers pertaining to any other individuals who are not parties to the above-captioned litigation.

2. The parties shall not redact any document based upon any other objection, including but not limited to the relevance or non-responsiveness of the document, without seeking further relief from the Court pursuant to Rule 26(c).

3. The parties shall list on their privilege logs all documents that have been redacted to excise privileged information or information protected as attorney work product. Where a redaction is subsequently lifted by order of the Court or by agreement of the parties, the producing party shall produce a non-redacted version of the document pursuant to the requirements of Pretrial Order No. 7 [Doc. No. 68], concerning the Protocol for the Production of Hard Copy Documents and ESI.

4. Any failure to redact information described above does not waive any right to claims of privilege or privacy, or any objection, including relevancy, as to the specific document or any other document that is or will be produced.

D. **Privilege Dispute Procedure**

1. Any party seeking to challenge a claim of privilege, or to challenge a failure to provide a complete privilege log, shall use its best efforts

        to meet and confer with the party asserting the privilege in a timely manner to attempt to resolve the issue(s) prior to submitting a challenge to the Court.

2. If a meet and confer does not resolve all issues, any party seeking to challenge a claim of privilege or to require the production of a privilege log may submit a motion challenging the privilege claim or compelling the production of a privilege log. The motion to challenge a privilege claim shall identify the specific entries on the adverse party's privilege log that the receiving party challenges. Although the burden remains on the producing party to establish the privilege, the party challenging the designation shall have the opportunity to file a reply to the producing party's brief.

3. If the Court finds that the content of a party's privilege log is inadequate, the Court shall identify the privilege log entries that it believes are insufficient and provide the party asserting the privilege with a reasonable time to supplement the information in the privilege log.

4. If a party challenges the assertion of privilege with regard to certain documents as a substantive matter, the Court shall conduct an *in camera* review of either:

    a. the contested documents; or

    b. a reasonable number of representative documents

5


        selected by the responding party, as well as a reasonable number of additional documents selected by the requesting party.

5. The party asserting the privilege shall have the opportunity to provide affidavits, argument and *in camera* explanations of the privileged nature of the documents at issue to ensure that the Court has complete information upon which to base its privilege determinations.

6. The Court shall provide an initial ruling as to whether or not claims of privilege should be upheld. If the Court determines that a claim of privilege is not valid with regard to one of more documents, the party asserting the privilege shall have 30 days to produce the documents at issue or file a motion to reconsider the Court's finding.

**E.** **Inadvertent Production.** Inadvertent production of documents subject to the work-product doctrine, the attorney-client privilege, or other legal privilege protecting information from discovery ("Inadvertently Produced Documents") shall not constitute waiver, provided that the party producing the documents shall notify lead counsel for the opposing party in writing within a reasonable period of time from the discovery of the inadvertent production.

1. If such notification is made, such Inadvertently Produced Documents, and all copies thereof, including any copies provided to

   experts or other outside consultants, shall, upon request, be returned to the party making the inadvertent production.

2. In addition, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.

3. No use shall be made of Inadvertently Produced Documents during depositions or at trial; nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.

4. If a party receiving the production disputes in writing the claim of privilege, that party may retain possession of the Inadvertently Produced Documents, as well as any notes or other work product of the receiving party reflecting the contents of such materials, pending resolution of the matter by the Court.  If the Court determines that the material is privileged, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the Court.

**IT IS SO ORDERED.**

ST. PAUL, MINNESOTA, this 19th day of December, 2014.

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
UNITED STATES DISTRICT JUDGE