UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: National Hockey League
Players' Concussion Injury
Litigation

This Document Relates to All Actions

MDL No. 14-2551 (SRN/BRT)

MEMORANDUM OPINION
AND ORDER

---

Charles S. Zimmerman, Brian Gudmundson, David Cialkowski, and Wm Dane DeKrey, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402; Bradley C. Buhrow and Hart L. Robinovitch, Zimmerman Reed, PLLP, 14646 North Kierland Boulevard, Suite 145, Scottsdale, Arizona 85254, for Plaintiffs

Stephen G. Grygiel, Steven D. Silverman, and William Sinclair, Silverman, Thompson, Slutkin & White, LLC, 201 North Charles Street, Suite 2600, Baltimore, Maryland 21201, for Plaintiffs

Jeffrey D. Bores, Bryan L. Bleichner, and Christopher P. Renz, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Plaintiffs

Janine D. Arno, Kathleen L. Douglas, Stuart A. Davidson, and Mark J. Dearman, Robbins, Geller, Rudman & Dowd, LLP, 120 East Palmetto Park Road, Boca Raton, Florida 33432, and Leonard B. Simon, Robbins, Geller, Rudman & Dowd, LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, for Plaintiffs

Lewis A. Remele, Jr., Jeffrey D. Klobucar, and J. Scott Andresen, Bassford Remele, 33 South Sixth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas Demetrio, William T. Gibbs, and Katelyn I. Geoffrion, Corboy & Demetrio, 33 North Dearborn Street, Chicago, Illinois 60602, for Plaintiffs

Brian D. Penny, Goldman, Scarlato & Karon PC, 101 East Lancaster Avenue, Suite 204, Wayne, Pennsylvania 19087, and Mark S. Goldman, Goldman, Scarlato & Karon, PC, 101 West Elm Street, Suite 360, Conshohocken, Pennsylvania 19428, for Plaintiffs

Vincent J. Esades and James W. Anderson, Heins Mills & Olson, PLC, 310 Clifton

Avenue, Minneapolis, Minnesota 55403, for Plaintiffs

David I. Levine, The Levine Law Firm P.C., 1804 Intracoastal Drive, Fort Lauderdale, Florida 33305, for Plaintiffs

Daniel E. Gustafson, David A. Goodwin, and Joshua J. Rissman, Gustafson Gluek, PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas J. Byrne, Namanny, Byrne, & Owens, APC, 2 South Pointe Drive, Lake Forest, California 92630, for Plaintiffs

Michael R. Cashman and Richard M. Hagstrom, Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439, for Plaintiffs

Robert K. Shelquist, Lockridge, Grindal, Nauen, PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, Minnesota 55401, for Plaintiffs

Shawn M. Raiter, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, for Plaintiffs

Charles J. LaDuca, Cuneo, Gilbert & LaDuca, LLP, 8120 Woodmont Avenue, Suite 810, Bethesda, Maryland 20814, for Plaintiffs

Daniel J. Connolly, Joseph M. Price, Linda S. Svitak, and Aaron D. Van Oort, Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; John H. Beisner, Jessica D. Miller, and Geoffrey M. Wyatt, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, Northwest, Washington, D.C. 20005-2111; Shepard Goldfein, James A. Keyte, Matthew M. Martino, and Michael H. Menitove, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; Matthew Stein, Skadden, Arps, Slate, Meagher & Flom, LLP, 500 Boylston Street, Boston, Massachusetts 02116; Joseph Baumgarten and Adam M. Lupion, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, for Defendant

_____ _____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on Defendant's Motion for Leave to File for Summary Judgment [Doc. No. 874]. For the reasons set forth herein, Defendant's motion is denied without prejudice.

## I.   BACKGROUND

In December 2016, Plaintiffs moved for class certification under Federal Rule of Civil Procedure 23 [Doc. No. 638]. In April 2017, when the National Hockey League ("NHL") filed its memorandum and exhibits in opposition to the class certification motion in this MDL, it also filed a summary judgment motion in Leeman v. NHL, 14-CV-3233 (SRN/BRT) [Doc. No. 62], seeking judgment against Plaintiffs Leeman and Nicholls, two of the six proposed MDL class representatives. Specifically, the NHL presented argument concerning the applicable statute of limitations and noticed the hearing for the same date as the class certification oral argument in the MDL. (Notice of Hr'g [Doc. No. 63].) Plaintiffs objected to Defendant's summary judgment filing, (Pls.' Letter of 5/5/17 [Doc. No. 837]), arguing that the NHL should have raised the statute of limitations in its adequacy argument in opposition to Plaintiffs' class certification motion. (See Teleconf. Tr. at 12 [Doc. No. 843].) By filing a separate motion, Plaintiffs argued, the NHL circumvented the Court's class certification page limitations, which had already been extended. (Id. at 12-13.) Following a May 8, 2017 teleconference with the parties, and further discussion at the May 12, 2017 status conference, the Court directed Defendant to move for leave to bring a motion for summary judgment, observing that the procedures

applicable to motion practice in this District had not been followed. (See 5/12/17 Hr'g Tr. at 25; see D. Minn. L.R. 7.1(c).)

In seeking leave to move for summary judgment, the NHL argues that it is proper under these circumstances to seek dispositive relief concerning the claims of Plaintiffs Leeman and Nicholls prior to the Court ruling on class certification. (Def.'s Mem. Supp. Mot. for Leave at 6 [Doc. No. 876].)[1]  The League contends that unlike other issues on the merits, the applicability of the statute of limitations is distinct, and discovery on this issue is complete. (Id. at 4.) Thus, the NHL contends that it would be efficient for the Court to rule on this motion now, rather than later. (Id. at 5.) Further, it argues that the statute-of-limitations arguments concerning Leeman and Nicholls are unrelated to their adequacy as class representatives. (Id. at 9.)

## II.    DISCUSSION

Under Rule 56, a party may move for summary judgment, identifying each claim or defense, or portion thereof, on which summary judgment is sought, but the rule is silent as to the number of summary judgment motions that a party may file, or the timing of such motions. Fed. R. Civ. P. 56 (a). Rule 23, applicable to class actions, states that decisions on class certification are to be made "'at an early practicable time.'" Fed. R. Civ. P. 23(c)(1). Courts also possess administrative and procedural authority over the course of class action proceedings. Fed. R. Civ. P. 23(d)(1)(A); 23(d)(1)(E). In addition to the

---

[1] The Court cites to the page numbers as they appear in Defendant's Memorandum.

administrative authority conferred by Rule 23(d), courts maintain the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (quoting Link v. Wabash Ry. Co., 370 U.S. 626, 630-31 (1962)).

As to the sequence and timing in which courts consider motions for summary judgment and for certification in class actions, a certification decision is usually "'practicable' before the case is ripe for summary judgment. . . ." Curtin v. United Airlines, Inc., 275 F.3d 88, 92 (2001); see also Newberg on Class Actions, § 7:10 (5th ed.) ("Typically summary judgment motions come only at the close of the discovery process, which, generally speaking, is not 'an early practicable time' in the lawsuit, implying that class certification motions ought to precede summary judgment motions."). Thus, as a "general rule," courts have traditionally considered class certification prior to addressing dispositive motions. Hartley v. Suburban Radiologic Consultants, Ltd., 295 F.R.D. 357, 367 (D. Minn. 2013) (quoting Hyman v. First Union Corp., 982 F. Supp. 8, 11 (D. D. C. 1997)). One reason for doing so is because merits-based decisions that precede class certification have no binding effect on unnamed class members. Id. (citing Smith v. Bayer Corp., 564 U.S. 299, 313-14 (2011)). As with many rules, however, there are exceptions. The 2003 Advisory Committee Notes indicate that ruling on summary judgment prior to class certification is permissible, see Fed. R. Civ. P. 23(c)(1)(A) 2003 Amendments; see also Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 896 (8th Cir. 2014), particularly where doing so "would facilitate efficient resolution of the case." Newberg, §

7:10.  For example, this Court has ruled on summary judgment prior to class certification where doing so disposed of the entire case, see Nelson v. Am. Family Mut. Ins. Co., 13-cv-607 (SRN/SER), 2017 WL 2773522, at *1 (D. Minn. June 26, 2017), or narrowed the issues in the case.  See Hartley, 295 F.R.D. at 368.  In making this sequencing determination, courts also consider whether ruling on summary judgment prior to class certification would potentially prejudice either party.  See Curtin, 275 F.3d at 93.

While consideration of class certification prior to summary judgment is permissible, "federal courts have noted problems with piecemeal consideration of successive motions for summary judgment." United States. v. Copar Pumice Co., Civ. No. 09-1201 JP/KBM, 2013 U.S. Dist. LEXIS 197525, at *9 (D. N.M. Sept. 12, 2013) (collecting cases).  For example, "filing summary judgment motions seriatim on one's own initiative not only makes the court's task of shuffling paperwork more complex, but also permits any number of permutations of the page-limitation rule. . . ." Id. (quoting Cole v. Convergys Customer Mgt. Grp., Inc., No. 12-3404-SAC, 2013 U.S. Dist. LEXIS 50673, at *2-3 (D. Kan. Apr. 9, 2013)).  In addition, the value of summary judgment motion practice would be lessened if a party attempted to assert one theory in a motion for summary judgment, "and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory." Id. (quoting Doherty v. Portland Cmty. Coll., 2000 WL 33200560, at *3 (D. Ore. Nov. 15, 2000)).

The Court does not ascribe any bad faith or an improper purpose to the NHL's efforts to file its contemplated summary judgment motion.  The NHL correctly notes that

their argument is not one of adequacy, it is not designed to evade the Court's page limits, and the record is complete on this issue.  Nevertheless, the Court finds, in its sound discretion, that the most appropriate approach here is for summary judgment motions to be filed on a consolidated basis, after the Court's consideration of class certification.  As Defendant itself acknowledges, (Def.'s Mem. Supp. Mot. for Leave at 10), a ruling in its favor on the proposed summary judgment motion would not eliminate Plaintiffs' class as a whole, as it would only apply to Leeman and Nicholls.  In this proceeding, consolidated summary judgment motion practice is preferable to a piecemeal approach and minimizes prejudice to both sides.  Defendant may therefore refile its summary judgment motion, at a later time and as part of a consolidated motion, at which time Plaintiffs will have a full and fair opportunity to respond.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Leave to File for Summary Judgment [Doc. No. 874] is **DENIED WITHOUT PREJUDICE**; and

2. Defendant shall withdraw its Motion for Summary Judgment without prejudice, filed in Leeman v. NHL, 14-CV-3233 (SRN/BRT) [Doc. No. 62].


Dated:   July 24, 2017

                                                                                 s/Susan Richard Nelson  
                                                                                 SUSAN RICHARD NELSON  
                                                                                 United States District Court Judge